IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| ALLEN REDDING on behalf of minor son D.R., <br><br> *Plaintiff,* <br><br> v. <br><br> KENMARE PUBLIC SCHOOL, through its Board of Education; ALEX HENNIX, in her official and individual capacity; DOE DEFENDANTS 1-20, in their individual and official capacity <br><br> *Defendants.* | CASE NO. <br><br><br> **COMPLAINT** <br> **(1) Title IX Violation** <br> **(2) First Amendment Violation** <br> **(3) Fourteenth Amendment Violation** <br> **(4) Breach of Contract** <br> **(5) Negligent Infliction of Emotional Distress** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

### I.   INTRODUCTION

This is an action arising from the mishandling of a Title IX complaint at Kenmare High School. Plaintiff is seeking damages for Defendants' violation of Plaintiff's civil rights under the First Amendment, the Fourteenth Amendment, Due Process violations and Title IX of the Educational Amendments of 1972. Defendants are also responsible for breach of contract and negligence.

## II.     PARTIES

1. Allen Redding ("Plaintiff") is the father of D.R. and a resident of the State of North Dakota.

2. D.R. ("Plaintiff") is a minor. He is a student at Kenmare High School and a resident of the State of North Dakota.

3. Defendant Kenmare School District through its Board of Education ("Kenmare") is a public school district located in Kenmare, North Dakota.

4. Defendant Alex Hennix ("Hennix") was employed by the Kenmare School District as the Superintendent at all times relevant to this litigation.

5. Doe Defendants 1-20 ("Doe Defendants") are employees or agents of Defendant Kenmare that caused the harms to Plaintiff subject of this lawsuit. At this time, their names and whereabouts are unknown.

## III.     JURISDICTION & VENUE

6. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

7. In accordance with 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's state law claims.

8. Defendant Kenmare conducts business in the state of North Dakota.

9.      All Individual Defendants on the grounds that they were employees of Kenmare at all relevant times herein and personally violated certain rights and policies, the effects of which were felt in the State of North Dakota.

10.     Venue in this action is properly in the District of North Dakota because the events relevant to this action occurred within the geographical confines of the District of North Dakota.

## IV.    FACTUAL ALLEGATIONS

11.     At all times relevant to this litigation, D.R. was a student at Kenmare pursuing a high school diploma.

12.     During the 2021-2022 school year D.R. was a ninth-grade freshman.

13.     D.R.'s graduating class consists of approximately 33 students.

14.     The week of September 20, 2021 was homecoming week.

15.     The Kenmare High School mascot is the "Honker".

16.     Homecoming week is Honker spirit week at Kenmare High School, a calendar is sent out in advance designating the theme of each day of the week.

17.      Friday, September 22, 2021, was designated at "Honker Spirit Day".

18.     On Honker Spirit Day the students and faculty were to wear the school colors, maroon and gold, to show their school pride.

19. On September 22, 2021, D.R. and classmates were in math class when a female student, S.B. came into class late, with a gay pride flag draped around her neck.

20. Plaintiff stated that "this is Honker Spirit Day, not gay pride day".

21. Plaintiff stated to another student that S.B. should not be allowed to wear a gay pride flag as it was against school policy.

22. The flag worn was not an article of clothing, but a full-sized flag draped around S.B.'s neck and worn like a cape.

23. Students at Kenmare High School are not allowed to adorn flags.

24. Capes of any type are prohibited form being worn at Kenmare Public Schools.

25. Kenmare policy states in pertinent part: "It is not the intention of the Kenmare Public School to limit freedom or expression or communication of ideas, which may be protected by the First Amendment, but any act including: the wearing of potentially disruptive insignia or apparel, which may create a material and substantial disruption of school activity is prohibited."

26. During the 2021-2022 school year, in addition to not being allowed to adorn flags, students had been told that they were not allowed to hang American flags with a blue line, in support of law enforcement, on their lockers.

27. S.B. was not asked to remove the flag by teachers or administration in direct violation of Kenmare policy.

28. D.R. was brought into the office where Defendant Hennix demanded that D.R. admit to sexually harassing S.B..

29. D.R. reiterated to Defendant Hennix that he did not make any comment of a sexual harassment nature to S.B..

30. Defendant Hennix replied, "If you don't stop it, they will file a Title IX".

31. Defendant Hennix stated to D.R. "admit it", as Defendant Hennix provided that they had the altercation on video.

32. D.R. stated for a second time that he did not do anything.

33. On September 24, 2021, S.B. filed a Title IX Complaint based on the September 22, 2021, encounter against other students, D.R. was not named.

34. S.B. had named students in her Title IX Complaint that were absent from school on September 22, 2021 and could not have been involved in her alleged sexual harassment.

35. The Title IX Complaint was a smear campaign.

36. On October 4, 2021, D.R. was added to S.B. Title IX Complaint.

37. D.R.'s mother was called on October 4, 2021 and asked to come into the school and pick up some paperwork.

38.  Unbeknownst to D.R.'s mother, D.R. had been named in a Title IX Complaint and paperwork was being propounded on Plaintiffs.

39.  Kenmare's Title IX Sex Discrimination, Sexual Harassment, and Sexual Violence Policy ("Policy") states in pertinent part that sex discrimination is "Sexual harassment is defined as the unwelcome sexual advancement, request for sexual favors, and other unwelcome verbal or physical conduct of a sexual nature."

40.  No comments of a sexual nature were made to give rise to a Title IX investigation.

41.  Defendants Kenmare and Hennix knew or should have known that a Title IX violation did not occur.

42.  Defendants Kenmare and Hennix knew that S.B. adorning a rainbow gay pride flag was against Kenmare policy.

43.  D.R., and others, had every right to point out the conduct in direct violation of Kenmare policy.

44.  Defendants continued to investigate D.R. and ultimately found D.R. guilty of a Title IX violation.

45.  On September 1, 2022, Plaintiff notified Defendants of possible litigation.

46.  As a result of Defendant's actions, D.R. suffered academically, emotionally and athletically at Kenmare.

47. Due to Kenmare's actions D.R. will be required to disclose to all potential universities of the Title IX violation on his record; resulting in decreased educational and scholarship opportunities for D.R..

48. Plaintiff suffered damages by expending significant time and resources attempting to defend a defamatory Title IX case at Kenmare.

49. Plaintiffs suffered financial, mental, and emotional distress at the hands of Defendants.

50. Under federal and North Dakota law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of the employer.

### V. CAUSES OF ACTION

**COUNT ONE – VIOLATION OF TITLE IX OF THE EDUCATION ACT AMENDMENTS OF 1972**

51. Plaintiff restates every fact and allegation set forth in all paragraphs of this Complaint as if fully set out herein.

52. Title IX of the Education Act Amendments of 1972 (20 U.S.C. § 1681) prohibits discrimination based on sex in educational institutions receiving federal funding.

53. At all times herein mentioned, Kenmare was a public school receiving federal financial funding.

54. Schools receiving federal funding are required to employ at least one Title IX coordinator responsible for Title IX compliance.

55. 34 CFR § 106.44 provides that such institutions must respond affirmatively to when a school official with the ability to take corrective measures receives actual knowledge that a student may have been discriminated against on the basis of sex.

56. Defendants committed sex-based discrimination through, among other things:

    a. Defendant Hennix when she falsely accused D.R. of sexually harassing S.B.;

    b. Defendant Hennix when she stated to D.R. "If you don't stop it, they will file a Title IX";

    c. Defendant Hennix when they continued to investigate D.R. and others for Title IX violations with actual knowledge that no Title IX violations occurred; and

    d. Defendants when they wrongfully found D.R. guilty of a Title IX violation against the weight of all evidence.

57. Defendants had actual knowledge that no sex-based discrimination occurred and continued to further the Title IX violations against D.R. and others.

58. Defendant Hennix were in a position to take corrective measures within Kenmare to prevent D.R. from suffering discrimination.

59. The sex-based discrimination was so severe that it barred D.R.'s access to an equal opportunity to education.

60.  As a direct and proximate result of Defendants' unlawful discrimination, D.R. has suffered immense emotional and psychological harm.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a)  Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b)  Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants, as well as requiring Defendants to offer Plaintiff access to an externship or other training program which will permit Plaintiff to gain valuable experience in her field;

(c)  Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)  Grant such other and further relief as justice requires.

## COUNT TWO – FIRST AMENDMENT VIOLATION

61.  Plaintiff restates every fact and allegation set forth in all paragraphs of this Complaint as if fully set out herein.

62. Under 42 U.S.C. § 1983, Plaintiff is protected from violations of rights guaranteed to him by the Constitution and laws of the United States.

63. D.R. engaged in protected conduct when he told S.B. to remove the gay pride flag from around her neck.

64. D.R.'s constitutionally guaranteed, essential, and well-established right to freedom of speech protects his ability to voice his concerns regarding school policies.

65. Defendant Hennix retaliated against D.R. by encouraging S.B. to file a frivolous Title IX complaint against D.R. and further processed the frivolous violation.

66. As a result of Defendants' actions, D.R. has been damaged financially and emotionally.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants, as well

as requiring Defendants to offer Plaintiff access to an externship or other training program which will permit Plaintiff to gain valuable experience in her field;

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d) Grant such other and further relief as justice requires.

### COUNT THREE – FOURTEENTH AMENDMENT VIOLATION

67. Plaintiff restates every fact and allegation set forth in all paragraphs of this Complaint as if fully set out herein.

68. Under 42 U.S.C. § 1983, Plaintiff is afforded protection from Defendants' violations.

69. The equal protection clause of the Fourteenth Amendment secures Plaintiff's right to be free from gender discrimination and retaliation.

70. Plaintiff was falsely accused of a Title IX violation.

71. Defendants had direct knowledge that no sexual harassment occurred.

72. Plaintiff was retaliated against by Defendant Hennix when he did not admit to sexually harassing S.B. as requested by Defendant Hennix, Defendant Hennix aided S.B. in filing a frivolous Title IX complaint.

73. Defendants did not provide Plaintiff with an explanation or important governmental objective that would justify the discrimination.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants, as well as requiring Defendants to offer Plaintiff access to an externship or other training program which will permit Plaintiff to gain valuable experience in her field;

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d) Grant such other and further relief as justice requires.

## COUNT FOUR – BREACH OF CONTRACT

74. Plaintiff restates every fact and allegation set forth in all paragraphs of this Complaint as if fully set out herein.

75. Defendants' intentional actions caused Plaintiff emotional distress.

76. Defendants' caused Plaintiff's emotional distress by, amongst other things:

    a. Defendants Hennix when she falsely accused Plaintiff of sexual harassment.

    b. Defendant Hennix when she did not remedy the discrimination Plaintiff was facing.

    c. Defendant Hennix when she assisted in filing a false Title IX Complaint.

    d. Defendant Hennix when she threatened Plaintiff before and after filing of the complaint.

77. Defendants actions violated Kenmare's Policy.

78. Defendants were aware of the damages they caused Plaintiff through their actions as Plaintiff reacted emotional and hurt towards Defendants.

79. Defendant's actions proximately caused Plaintiff financial and emotional injury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants, as well as requiring Defendants to offer Plaintiff access to an externship or other training program which will permit Plaintiff to gain valuable experience in her field;

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d) Grant such other and further relief as justice requires.

## COUNT FIVE – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

80. Plaintiff restates every fact and allegation set forth in all paragraphs of this Complaint as if fully set out herein.

81. Defendants caused Plaintiff to be subject to a hostile learning environment through discrimination and retaliation.

82. Defendants knew or should have known that their actions would be injurious to Plaintiff.

83. Defendants knew or should have known that their actions violated Kenmare's Policy.

84. As a result of Defendants' actions, Plaintiff has been damaged financially and emotionally.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants, as well as requiring Defendants to offer Plaintiff access to an externship or other training program which will permit Plaintiff to gain valuable experience in her field;

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d) Grant such other and further relief as justice requires.

## VI.   JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Date: February 10, 2023                            Respectfully Submitted,

Keith Altman, Esq.
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorney for Plaintiff*