IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Allen Redding, on behalf of minor son D.R., <br><br> Plaintiff, <br><br> vs. <br><br> Kenmare Public School, through its Board of Education; Alex Hennix, in her official and individual capacity; Doe Defendants 1-20, in their individual and official capacity, <br><br> Defendants. | Case No. 1:23-cv-00025 |

## ORDER DENYING MOTION TO DISMISS

[¶1]    THIS MATTER comes before the Court upon a Motion to Dismiss filed by the Defendants on April 20, 2023. Doc. No. 12. Plaintiff filed a Response on June 1, 2023. Doc. No. 16. Defendants filed a Reply on June 9, 2023. Doc. No. 18. For the reasons set forth below, the Motion to Dismiss is **DENIED without prejudice**.

[¶2]    This case began on February 10, 2023, when Plaintiff filed a Complaint alleging violations of Title IX, the First Amendment, the Fourteenth Amendment, and several state law claims. Doc. No. 1. On September 22, 2021, a student came into her high school class wearing a gay pride flag during the school's spirit week. Id. at 4. Other students, including Plaintiff, told her to take it off. Id. A Title IX complaint was filed, and Plaintiff was found guilty of a violation for sexual harassment. Id. at 6.

[¶3]    Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may file a motion to dismiss asserting the complaint fails to state a claim

upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  To survive such a motion, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted).  A plaintiff must show that success on the merits is more than a "sheer possibility." Id.  A complaint does not need detailed factual allegations, but it must contain more than labels and conclusions.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

[¶4]   The Court must accept a complaint's factual allegations as true, but it does not need to accept a complaint's legal conclusions or "formulaic recitation of the elements of a cause of action." Iqbal, 556 U.S. at 678. The determination of whether a complaint states a claim upon which relief can be granted is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Dismissal will not be granted unless it appears beyond doubt the plaintiff can prove no set of facts entitling him to relief.  Ulrich v. Pope Cty., 715 F.3d 1054, 1058 (8th Cir. 2013). Once a plaintiff's ability to amend a complaint expires under Fed. R. Civ. P. 15(a)(1), the party must obtain either the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.

[¶5]   The Court has reviewed the Complaint and all other filings pertaining to this Motion and finds that the facts alleged in the Complaint are deficient for all counts. However, the additional facts added by both parties in the Motion, Response, and Reply do not allow the Court to find it is "beyond doubt the Plaintiff can prove no set of facts entitling him to relief." Ulrich, 715 F.3d at 1058. The Plaintiff has asked for leave to amend and the Court finds justice requires leave to amend for a more definite statement of the claims and the particular facts that may or may not meet satisfy those claims. See Fed. R. Civ. P. 15(a)(2).

- 3 -

## CONCLUSION

[¶6]   For the reasons set forth above, the Defendants' Motion to Dismiss is **DENIED without prejudice**. The Plaintiff's request for leave to amend the Complaint is granted. Plaintiff shall file an Amended Complaint within 21 days from the date of this Order.

[¶7]   **IT IS SO ORDERED**.

DATED September 24, 2024.

Daniel M. Traynor, District Judge
United States District Court