UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Allen Redding on behalf of minor son D.R.,<br><br>        Plaintiff,<br><br>    -vs-<br><br>Kenmare Public School, through its Board of Education; Alex Hennix, in her official and individual capacity; Doe Defendants 1-20, in their individual and official capacity,<br><br>        Defendants. | Civil No. 1:23-cv-25<br><br>**PROTECTION ORDER FOR CONFIDENTIAL INFORMATION** |

**[¶1]**   It appearing necessary to issue a qualified protective order pursuant to Rule 26(c) of the North Dakota Rules of Civil Procedure, 20 U.S.C. §1232g(b)(2), 34 C.F.R. §99.31(a)(9), 45 C.F.R. §164.512(e)(1), and N.D.C.C. §44-04-18.11 and upon a finding of good cause for the issuance, it is ORDERED, pursuant to the parties' stipulation, as follows:

**[¶2]**   **Scope.**

(a)   After compliance with the provisions of Paragraph 3 below, the Parties and Attorneys for the Parties are authorized to receive, subpoena, transmit, disclose and produce, in accordance with terms of this Protective Order, "Confidential Information" and/or Documents that contain "Confidential Information" where the procedure described in Paragraph 3 below applies, described in Paragraph 4 below and/or that are designated pursuant to Paragraph 5 below with the words "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" affixed or placed thereon.

(b)   As used herein, the term "Party" means collectively and individually, Plaintiff Allen Redding, individually and on behalf of minor son D.R. and D.R. individually, and each of the Defendants, and the term "Non-Party" means any other person or entity that is not: (1) Allen Redding, individually and on behalf of minor son D.R., (2) D.R., or (3) or any of the Defendants.

(c) As used herein, "Documents" means any record, writing, and other tangible thing whether typewritten, printed, recorded in any form, written, or produced by hand or reproduced by any process, all graphical material or information and things, and Computerized Documents, whether produced or created by a Party or a Non-Party, and whether produced in response to a discovery request, subpoena, agreement, or otherwise.

(d) As used herein, "Computerized Documents" means all matter stored by electronic or mechanical means and printouts of data stored by electronic, electronic magnetic media or mechanical means, including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks, tapes or other electronic devices.

(e) All references to "Documents" or "Computerized Documents" in the plural number shall include the singular, and vice versa.

**[¶3] Non-Party Confidential Information - Notice.** To the extent Confidential Information of a Non-Party may be disclosed and/or a production may occur of Documents that contain Confidential Information of a Non-Party, prior to such disclosure and/or production, the Party seeking the disclosure or production of such Confidential Information or Documents containing Confidential Information (whether by deposition, court hearing, interrogatories, requests for production, subpoena or other form of discovery propounded by such Party under the Federal Rules of Civil Procedure or any other applicable law or rule) or alternatively, the Party that wishes to disclose or produce such Confidential Information or Documents containing Confidential Information whether through an initial disclosure under Fed. R. Civ. P. 26(a)(1) or in response to discovery served upon a Party in this action (including at a deposition or court hearing, in response to an interrogatory, request for production of document, request for admission or subpoena) shall comply with the following:

(a) Obtain and serve upon the other Party a release and consent executed by Non-Party or if a minor, the Non-Party's natural parent, guardian or individual acting as a parent in the absence of a parent or guardian, as the case may be.

(b) If a release and consent is not obtained under Paragraph 3(a), then the Party shall file and serve a motion seeking an order from this Court authorizing the production and disclosure of such Documents. To allow for the Non-Party to object and seek a protective action relating to the production or disclosure of such Documents, the motion must also be served on the Non-Party for whom the Documents and/or Confidential Information relate. Service of such motion to disclosure and produce Documents that contain Confidential Information of a Non-Party, including Documents relating to a Non-Party student protected from disclosure and/or confidential under the Federal Educational Rights and Privacy Act (FERPA) such as "educational records" (as defined in 20 U.S.C. § 1232g(a)(4) and/or 34 C.F.R. § 99.3) or that contain "personal identifiable information" (as defined in 45 C.F.R. § 160.103, and as the term is used in 45 C.F.R. § 164.501), shall be upon the Non-Party student for whom the Documents and/or Confidential Information relate and if the Non-Party is a minor, then also on said Non-Party student's natural parent, guardian or individual acting as a parent in the absence of a parent or guardian, as the case may be. Service of the motion upon a Non-Party shall be accomplished by the method described in Fed. R. Civ. P. 4.

(c) The page length and time periods described in D.N.D. Civ. L.R. 7.1(B) shall apply to any motion brought under Paragraph 3(b), provided, however, a notice of the 14-day period after service of such motion to respond must be given to the Non-Party.

(d) If a Party that is to serve and file the motion pursuant to the procedure described in Paragraph 3(b) fails to do so, then the other Party may, but is not obligated, to file and serve the motion.

(e) The Parties each reserve any and all rights and grounds to object to any motion that may be brought pursuant to the process described in this Paragraph 3.

**[¶4] Confidential Information.** As used in this Order, "Confidential Information" shall include and otherwise have the same scope and definition as the following defined terms:

(a) "Protected health information" as defined in 45 C.F.R. § 160.103, and as the term is used in 45 C.F.R. § 164.501;

(b) "educational record" as defined in 20 U.S.C. § 1232g(a)(4) and/or 34 C.F.R. § 99.3;

(c) "Personal Identifiable Information" as defined in 34 C.F.R. § 99.3;

(d) "Individually identifiable information" as defined in N.D.C.C. § 50-06-15;

(e) "Personal information" as defined in N.D.C.C. § 44-04-18.7(6);

(f) Any Document that under any federal or state law, including N.D.C.C. ch. 44-04, designated confidential or otherwise exempt from disclosure.

(g) Confidential Information does not include substance abuse treatment records protected by 42 C.F.R. Part 2, and notwithstanding the scope outline in Paragraph 1, such substance abuse treatment records shall not be disclosed without prior authorization.

**[¶5] Designation.**

(a) A Party may designate Documents, in whole or in part, as containing Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" prominently on each page of the Documents (or such

portion of the Documents in the case of a partial designation) and all copies in a manner that will not interfere with the legibility of the Documents.

(b) A Party producing Computerized Documents may designate such matter as "CONFIDENTIAL" by cover letter referring generally to such matter or by affixing to such media a label with the legend provided for in Paragraph 5(a) above. Whenever a Party (whether for production or after receipt) reduces such Confidential Computerized Material to hard-copy form, the Party shall mark such hard-copy form with the legend provided for in Paragraph 5(a) above.

**[¶6] Depositions.** All depositions, deposition testimony and deposition transcripts shall be designated as containing Confidential Information, except upon agreement of the attorneys, on the record at the deposition or in writing after the deposition. This treatment continues until otherwise agreed to by the Parties in writing or by order of the Court. All depositions in this action are closed, unless otherwise ordered by the Court. A closed deposition means only the following may attend:

(a) The deponent;

(b) The Parties;

(c) Attorneys for the Parties;

(d) The court reporter; and

(e) Third-parties identified in Paragraph 7(b).

To the extent any of the above are required under Paragraph 7(b) to have completed the certification contained in Attachment A, Acknowledgement and Agreement to Be Bound, then their attendance is permitted only upon receipt of such Acknowledgment or upon a notice of refusal to do so is filed with the Court as provided under Paragraph 7(c). Further, if a Non-Party witness is expected to testify at a deposition or court hearing as to Confidential Information, such witness,

if not within the persons entitled to receive Confidential Information under Paragraph 7(b), shall execute the certification contained in Attachment A, Acknowledgement and Agreement to Be Bound.

**[¶7]   Protection of Confidential Information.**

(a)   <u>General Protections.</u>   Confidential Information and Documents that contain Confidential Information shall not be used or disclosed by the Parties, Attorneys for the Parties, or by any other persons identified in subparagraph (b) for any purpose whatsoever other than for this action, including any appeal thereof and only in compliance with this Order.

(b)   <u>Limited Non-Party Disclosures.</u>   The Parties and Attorneys for the Parties may not disclose or permit the disclosure of any Confidential Information or and Documents that contain Confidential Information except to the following:

(1)   To a Party;

(2)   To a Party's Attorney of record in this case, and/or partners, associates, or staff of the Attorney's law firm;

(3)   To Non-Party who has been employed or retained to assist a Party in the prosecution, defense, or settlement of this action, such as investigators, expert witnesses, technical advisors, or mediators, only after said Non-Parties have completed the certification contained in Attachment A, Acknowledgement and Agreement to Be Bound;

(4)   To witnesses or potential witnesses (and their attorneys), who are not who are not a Party or described in Paragraph 7(b)(3) above, for the preparation of or during the course of depositions, hearings, interviews, or trial in this action, but only after these Non-Parties have completed the certification contained in Attachment A, Acknowledgement and Agreement to Be Bound;

(5) To Court reporters, stenographers, or videographers assigned to a deposition or hearing for this action at which Confidential Information or Documents containing Confidential Information are used or disclosed, and only after the third-parties have completed the certification contained in Attachment A, Acknowledgement and Agreement to Be Bound;

(6) The Court and its support personnel; and

(7) A Party's insurer (and with respect to Defendants, includes the North Dakota Insurance Reserve Fund), and all said insurer's employees, agents and representatives.

(c) In the event a party described in Paragraph 7(b)(4) or 7(b)(5) is required to but refuses to sign the "Acknowledgement and Agreement to be Bound," upon notice to the Court of such refusal, said party shall be subject to all of the terms and conditions of this Protective Order, including the "Acknowledgment to be Bound."

[¶8] **Failure to Designate.** The failure to designate Documents which contain Confidential Information does not, standing alone, waive the right to designate the Documents as Confidential Information. If a Party designates Documents as containing Confidential Information after they were initially produced, the receiving Party, on notification of the designation, must make a reasonable effort to assure that the Documents are treated in accordance with the provisions of this Order. Any Document produced before issuance of this Order that is then affixed with the designation "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall receive the same treatment as if designated as such under this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of Documents during a time when the Documents were not designated as containing Confidential Information.

[¶9] **Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a) Notice.

(1) A Party who discovers that it has inadvertently disclosed or produced Confidential Information or a Document containing Confidential Information does not, standing alone, waive the right to designate the Documents as Confidential Information. A Party who discovers that it has inadvertently disclosed or produced Confidential Information or a Document containing Confidential Information must promptly notify the receiving Party and describe the basis of the claim of privilege or protection.

(2) A Party who discovers that it may have received such inadvertently disclosed or produced Confidential Information or a Document containing Confidential Information must promptly notify the disclosing or producing Party or Non-Party.

(b) Handling of Protected Document. A Party who is notified or discovers that it may have received inadvertently disclosed or produced Confidential Information or a Document containing Confidential Information must comply with Fed. R. Civ. P. 26(b)(5)(B).

(c) Confidential Information or a Document containing Confidential Information is inadvertently disclosed or produced if the same does not have the designation of "CONFIDENTIAL INFORMATION" on it and/or disclosure or production is to a Party or Non-Party who is not designated under Paragraph 5 above as being permitted to receive Confidential Information or a Document containing Confidential Information.

[¶10] **Filing of Confidential Information.**

(a) This Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file a document under seal in connection with a motion, brief, or other submission to the Court must comply with D.N.D. Civ. L.R. 5.1(D).

(b) If a party seeks to file documents designated as "Confidential," the party must first file a motion for leave to file under seal, accompanied by a memorandum in support, setting forth

the legal basis for sealing the documents, in accordance with the Administrative Policy Governing Electronic Filing and Service. If only portions of the documents designated as "Confidential" contain sensitive information, and a party seeks to file the documents with the court, that party must (1) file a motion for leave to file under seal and a memorandum in support of the motion, which provides an explanation of the legal basis for redacting information from the document, and (2) attach to the motion for leave to file under seal an unredacted copy of the document and a proposed redacted copy of the document. The proposed redactions shall be highlighted or otherwise identified in a manner that enables the Court and the other party to easily review the proposed redactions.

[¶11] **Challenges to the Designation of Confidential Information.** If a Party wishes to challenge the designation of Documents, or a portion of Documents, as containing Confidential Information, before filing any motion, the Party challenging the designation must first meet and confer in good faith with the designating Party in an attempt to resolve the dispute and must also comply with D.N.D. Civ. L.R. 37.1.

[¶12] **Use of Confidential Information in Court Proceedings.** A Party must advise the Court and all other Parties in advance of hearings, testimony, or trial, if the Party reasonably expects matters involving Confidential Information will be raised during the hearing, testimony, or trial. The Court will issue whatever orders are necessary at that time regarding the use of the Confidential Information during the hearing, testimony, or trial.

[¶13] **Security Precautions and Data Breaches.**

    (a)    Each Party must make reasonable efforts to protect the confidentiality of any Confidential Information and any Document containing Confidential Information disclosed or produced to that Party.

(b) A Party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**[¶14] Obligations on Conclusion of Litigation.** This Order remains in effect after dismissal or entry of final judgment, not subject to further appeal, unless otherwise agreed or ordered. The Parties shall return all Documents designated as containing Confidential Information to the producing Party, or the producing Party's Attorney, within 60 days after dismissal or entry of final judgment, not subject to further appeal.

**[¶15] Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Documents designated in this action as containing Confidential Information, the receiving Party must notify the designating Party, in writing, immediately, and in no event more than three court days, after receiving the subpoena or order. The notification must include a copy of the subpoena or court order. The Party receiving a subpoena also must notify the Party who caused the subpoena or order to issue in the other litigation, in writing, immediately, and in no event more than three court days, that some or all of the Documents covered by the subpoena or order is the subject of this Order. The notification must include a copy of this Order. The purpose of imposing these duties is to alert interested persons to the existence of this Order and to afford the designating Party in this action an opportunity to try to protect the Confidential Information in the court from which the subpoena or order issued. The designating Party bears the burden and the expense of seeking protection in that court, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

[¶16]  **Admissibility.**  Nothing in this Order shall affect the admissibility of any Confidential Information in this action.  By producing Documents containing Confidential Information, the producing Party does not waive any objection to the Documents' production and/or admissibility.  All grounds for objection to the production and/or admissibility of Documents are specifically reserved to the producing Party.

[¶17]  **Information protected by State and Federal laws, administrative rules, or regulations.**  The Parties acknowledge that the disclosure of certain information in this action is governed by various State or Federal laws, administrative rules, or regulations.  In certain instances, these State or Federal laws, administrative rules, or regulations require a separate court order or subpoena before information can be disclosed.  In other instances, a written authorization from an appropriate person or entity may allow the disclosure of information.  Nothing in this Order may be construed as an order to compel the disclosure of any Documents or Confidential Information.  Further, nothing in this Order may be construed as an authorization to disobey any other applicable State or Federal law, administrative rule, or regulation.  Any applicable State or Federal law, administrative rule, or regulation dealing with the disclosure of information in this action must be complied with.  The Parties retain the right to petition this Court, or any other appropriate court, for orders which will facilitate the disclosure of information and discovery in this action.

[¶18]  **Retained Rights.**  This Order shall not deprive any Party of its right to object to discovery by any other Party on any permitted ground.  Further, nothing in this Order shall be construed to hamper the rights of the Parties to prosecute and defend this action. The Parties retain the right to move for protective orders or an order modifying the terms of this Order as needed.

[¶19]  **No Prior Judicial Determination.**  A Party's designation of Documents as containing Confidential Information must not be construed as a judicial determination that the Documents are

entitled to protection under Rule 26(c) of the North Dakota Rules of Civil Procedure, 20 U.S.C. § 1232g(b)(2), 34 C.F.R. § 99.31(a)(9), 45 C.F.R. § 164.512(e)(1), and N.D.C.C. § 44-04-18.11 or other applicable federal or state law. The Parties reserve the right to petition the Court, as provided in this Order, for a judicial determination whether the Documents are entitled to protection.

**[¶20]   ND Open Records law.**  Nothing in this Protective Order supersedes, alters or amends the provisions or requirements of the North Dakota open record laws, and further nothing herein shall be construed as a determination as whether any document produced is or is not a public record or subject to North Dakota open records laws.

**[¶21]   Survival of Obligations.**  The obligations imposed by this Order survive the termination of this action, except as otherwise may be provided by law. The Court may retain jurisdiction over the subject matter of this Protective Order, the Parties to this action and their Attorneys, and any persons and entities provided with Confidential Information or Documents containing Confidential Information pursuant to this Protective Order, even after the entry of judgment in this action, to hear relevant motions, resolve disputes, and impose sanctions for noncompliance.

**IT IS SO ORDERED.**

Dated this 17th day of December, 2024.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court