UNITED STATES DISTRICT COURT

DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Allen Redding on behalf of minor son D.R.,<br><br>   Plaintiff,<br><br> -vs-<br><br>Kenmare Public School, through its Board of Education; Alex Hennix, in her official and individual capacity; Doe Defendants 1-20, in their individual and official capacity,<br><br>   Defendants. | Civil No. 1:23-cv-25<br><br>**ORDER APPROVING STIPULATION FOR APPROVAL OF NOTICE OF POTENTIAL DISCLOSURE OF STUDENT RECORDS** |

[¶1] The above-entitled matter came before the Court pursuant to the Stipulation for Approval of Notice of Potential Disclosure of Student Records (the "Student Records Stipulation") by Defendants Kenmare Public School, through its Board of Education (the "School District"); Alex Hennix, ("Hennix"), collectively the "School Defendants" and Plaintiff Allen Redding on behalf of minor son D.R. The Court having reviewed the Student Records Stipulation and, for good cause having been shown, hereby makes and enters the following **ORDER:**

BACKGROUND

[¶2] Plaintiff filed his complaint on April 10, 2023. ECF 1. The complaint was later amended per this Court's order, and the School District has filed an answer to the amended complaint. See ECF 32, 33, and 38.

[¶3] In his amended complaint, the Plaintiff asserted the following claims: (1) Title IX Violation; (2) First Amendment Violation; (3) Fourteenth Amendment Equal Protection Violation; (4) Breach of Contract; and (5) Negligent Infliction of Emotional Distress. ECF 33. This Court dismissed the First Amendment Violation and Fourteenth Amendment Violation alleged against

Defendant Hennix in her official capacity. ECF 41, p. 4, ¶¶8-9. This Court also dismissed the Breach of Contract and Negligent Infliction of Emotional Distress claims, in total. ECF 41, p. 6-8, ¶¶15-23.

[¶4]    The School District has denied and continues to deny the allegations in Plaintiff's amended complaint and has also asserted several affirmative defenses to Plaintiff's claims.  ECF 38.

[¶5]    Plaintiff served written discovery upon the School Defendants, and the School Defendants conducted an extensive search to locate documents and records responsive to the written discovery under N.D. R. Civ. P. 26.  In addition, the School Defendants conducted a search to locate documents and records relative to their obligation for initial disclosures under Fed. R. Civ. P. 26(a)(1).  A number of documents and records have been identified through these searches.

[¶6]    As a result of the School Defendant's search for records and documents, the School Defendants believe the documents, records and information responsive to Plaintiff's written discovery and/or required for disclosure as part of their initial disclosure obligations under Fed. R. Civ. P. 26(a)(1) may, and likely do, include confidential records of non-party students, including "educational records" (as defined in 20 U.S.C. § 1232g(a)(4) and/or 34 C.F.R. § 99.3) or records that contain "personal identifiable information" (as defined in 45 C.F.R. § 160.103 and 45 C.F.R. § 164.501), that are subject to certain protections from disclosure.  The non-party student documents, records and information shall be referred to herein as the "Non-Party Student Records."

[¶7]    To permit the School Defendants to disclose the Non-Party Student Records to Plaintiff, notice of the potential disclosure and opportunity to object must be provided to either the non-party students' natural parent, guardian or individual acting as a parent in the absence of a parent or guardian, or to the non-party students who have reached the age of majority.  See 20 U.S.C. §

1232g(b)(2); 34 C.F.R. § 99.31(a)(9); 45 C.F.R. § 164.512(e)(1); N.D.C.C. § 44-04-18.11; Krakauer v. State by & through Christian, 381 P.3d 524, 532, n.6 (Mont. 2016); DeFeo v. McAboy, 260 F. Supp. 2d 790, 795 (E.D. Mo. 2003).

[¶8]  Based upon the searches of the Non-Party Student Records for names of students attending Kenmare Public School during the 2021-2022 school year, the School Defendants have determined there are twenty-nine (29) non-party students identified within the Non-Party Student Records.

[¶9]  On December 17, 2024, this Court entered a Protection Order for Confidential Information (the "Protective Order") which contemplated a method to seek Court approval for the disclosure of the Non-Party Student Records to the Plaintiff by means of motions to be served upon the respective non-party student's natural parent, guardian or individual acting as a parent in the absence of a parent or guardian, or the non-party student (who have reached the age of majority). ECF 43, ¶ 3(b); see also 20 U.S.C. § 1232g(b)(2); 34 C.F.R. § 99.31(a)(9); 45 C.F.R. § 164.512(e)(1); N.D.C.C. § 44-04-18.11; Krakauer, 381 P.3d at 532, n.6; DeFeo, 260 F. Supp. 2d at 795.

[¶10]  Due to the burden upon the Court and the School District in filing and serving approximately 29 individual motions, the School Defendants and Plaintiff have conferred and agreed a more efficient procedure to provide the required notice and opportunity to object is by the approval and issuance of the NOTICE OF POTENTIAL DISCLOSURE OF STUDENT RECORDS (the "Notice"), attached as Exhibit A to the parties' stipulation.

[¶11]  The Notice provides the relevant information necessary concerning the potential disclosure of Non-Party Student Records and the procedure to file an objection to such disclosure.

## ORDER

**[¶12]  BASED ON THE FOREGOING**, and the requirements of 20 U.S.C. § 1232g(b)(2), 34 C.F.R. § 99.31(a)(9), 45 C.F.R. § 164.512(e)(1), and N.D.C.C. § 44-04-18.11, the following is Ordered and Directed:

**[¶13]**  The parties' Student Records Stipulation and the Notice, are approved in total, and this Court shall issue the Notice.

**[¶14]**  For each non-party student whose name has been identified by the School Defendants as being within the Non-Party Student Records, the School Defendants are directed to mail the Notice, by regular U.S. mail, to said non-party student's natural parent, guardian or individual acting as a parent in the absence of a parent or guardian, or to the non-party student (for those who have reached the age of majority), at said party's last address contained within records of the School Defendants.

**[¶15]**  In the event a timely objection is made pursuant to the terms of the Notice, the School Defendants are directed to provide the Non-Party Student Records of the respective non-party student for whom an objection has been received in the following manner:

    **(a)**  To the objecting non-party student's natural parent, guardian or individual acting as a parent in the absence of a parent or guardian, or to the objecting non-party student (who have reached the age of majority), as the case may be, provided however, if another student's name appears within such Non-Party Student Record, the name of the other student shall be redacted.

    **(b)**  To the Court, filed under seal and for an *in camera* review by the Court.

    **(c)**  During the process of resolving the objection, the Non-Party Student Records **shall not** be provided to Plaintiff.

**[¶16]** Any disclosure of Non-Party Student Records by the School Defendants to the Plaintiff, whether by resolution of a timely objection or by the failure to submit a timely objection, shall be by further Court order, and nothing in this Order shall be construed as a judicial determination regarding the disclosure of any Non-Party Student Records to Plaintiff.

**[¶17]** Any disclosure of the Non-Student Records to Plaintiff shall be subject to the Protective Order and shall not affect the admissibility of any Non-Student Records and does not waive any objection by the School Defendants to the production and/or admissibility of the Non-Student Records.

**[¶18] DATED** this 17th day of January, 2025.

                                       */s/ Clare R. Hochhalter*
                                       Clare R. Hochhalter, Magistrate Judge
                                       United States District Court