IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Allen Redding, on behalf of D.R., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Kenmare Public School, et al., ) <br> ) <br> Defendants. ) | **ORDER GRANTING MOTION FOR SUBSTITUTION OF PLAINTIFF** <br><br> Case No. 1:23-cv-025 |

Plaintiff Allen Redding initiated the above-captioned action on behalf of his minor son, D.R. or Dawson Redding, on February 10, 2023. (Doc. No. 1). On April 28, 2025, he filed a Motion for Substitution of Plaintiff. (Doc. No. 65). Advising that Dawson Redding has now reached the age of majority, he requests that Dawson Redding be substituted as the Plaintiff pursuant to pursuant to Fed. R. Civ. P. 17. (Doc. No. 65).

Rule 25 of the Federal Rule of Civil Procedure governs substitutions. However, it does not explicitly contemplate the scenario where a minor reaches the age of majority. See Fed. R. Civ. P. 25.

Rule 17(a)(3) addresses the joinder of the real party in interest.[1] It has been relied on by some courts when addressing motions similar to the one filed by Allen Redding. For example, in Scarpello v. Freeman, the court granted a motion to substitute three former minors as plaintiffs pursuant to Fed. R. Civ. P. 17(a)(3) in an action that had been initiated on their behalf by their parents before they had reached the age of majority. See No. 3:22-CV-1130 (CSH), 2025 WL 904471, at *1 (D. Conn. Mar. 25, 2025) (citing Klein on behalf of Qlik Techs., Inc. v. Qlik Techs.,

---

[1] Fed. R. Civ. P. 17(a)(3) provides: "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."

1

Inc., 906 F.3d 215, 219 (2d Cir. 2018)). Similarly, in Brooks v. District of Columbia, the court granted a motion to substitute the then-majority aged real party in interest in place of her mother pursuant to Rule 17(a)(3). See 841 F. Supp. 2d 253, 261 (D.D.C. 2012).  In Zachary M. v. Board of Education of Evanston Township High School District No. 202, the court "allowed [the now majority aged party] to substitute in as the real party in interest" pursuant to Rule 17(a)(3). 829 F. Supp. 2d 649, 652 n.1 (N.D. Ill. 2011).

Other courts have relied on Rule 15 of the Federal Rules of Civil Procedure, which permits amendments to the complaint.[2] In Walker v. Evans, the United States District Court for the Eastern District of Michigan applied Rule 15 to accomplish the substitution of a minor party who had reached the age of majority. See No. 10-12596, 2011 WL 3583248, at *1 (E.D. Mich. Aug. 15, 2011).  In Richard v. MWW Transport, Inc., the United States District Court for the Northern District of Georgia, also applied Rule 15 to substitute a real party in interest who has reached the age of majority. See No. 1:20-CV-01151-SDG 2021 WL 9385878, at *1-*2 (N.D. Ga. Aug. 13, 2021).

The court finds that substitution of Dawson Redding as the Plaintiff is appropriate under either Rule 17 or Rule 15.  Dawson Redding is the real party in interest, has reached the age of majority, and can now proceed on his own behalf.  His substitution is merely a formal change and in no way alters the claims being asserted, the alleged facts underlying these claims, or the participants.

---

[2] Fed. R. Civ. P. 15(a) provides in relevant part that leave to amend the pleadings "shall be freely given when justice so requires." The Eighth Circuit has liberally construed this standard, finding that "[u]nless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.'" Becker v. Univ. of Neb. at Omaha, 191 F.3d 904, 907-08 (8th Cir. 1999) (quoting Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992).

Accordingly, the Motion for Substitution of Plaintiff (Doc. No. 65) is **GRANTED**. Dawson Redding shall be substituted for Allen Redding as the Plaintiff in this action.

**IT IS SO ORDERED.**

Dated this 2nd day of May, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court